UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KATHRYN KAST and LANCE SILVA, a marital community

Plaintiffs,

v.

ROYAL SCHOOL DISTRICT,

Defendant.

NO. CV-13-032-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 7. The motion was heard without oral argument.

## MOTION STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## BACKGROUND FACTS

Here, the background facts are not dispositive of Defendant's Motion. Rather, because the issue is whether Plaintiffs' Age Discrimination in Employment Act (ADEA) claim is barred by the statute of limitations, the date Plaintiff Kast received her right to sue letter is the only factual determination the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Court must consider.

The Equal Employment Opportunity Commission (EEOC) mailed Plaintiff Kast a dismissal and notice of rights (right to sue letter) on July 17, 2012. Defendant received a copy of the EEOC's dismissal and notice of rights letter on July 24, 2012. Pursuant to the notice, Plaintiff Kast was informed that she must file a lawsuit within 90 days of the receipt of the notice, or her right to sue based on this charge would be lost. On August 13, 2012, Plaintiff Kast filed a pre-suit tort claim against Defendant for $168,500. Plaintiffs did not file their complaint until December 10, 2012. This is past the 90-day statute of limitations.[1]

## DISCUSSION

29 U.S.C. § 626(e) provides a 90-day window for filing a lawsuit after receipt of the right-to-sue letter from the EEOC:

> A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

The 90-day period is a statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). If the claimant does not file within this 90-day period, the action is barred. *Id.*

Washington law requires that plaintiffs file pre-suit tort claims and wait 60 days before filing suit, Wash. Rev. Code 4.96.020(1), and also provides that the statute of limitations is tolled during the 60 days, Wash. Rev. Code 4.96.020(4).

Plaintiffs rely on the tolling provision of section 4.96.020(4) to argue that the filing of their ADEA claim is timely.

It is well-established that state tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim.

---

[1] Plaintiff did not offer any evidence as to the date on which she received the letter, but Defendant received the letter on July 24, 2012. If the Court uses the July 24, 2012 date, there is no dispute that this is past the 90-day limit.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

*Burnett v. N.Y. Cent. Rail. Co.*, 380 U.S. 424, 432 (1985); *see also Burgess v. State of Wash. Dep't of Corrections*, 1999 WL 974182 (9th Cir. 1999) (unpublished opinion); *Brown v. Hartshorne Public Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (*citing Davis v. Smith's Transfer, Inc.*, 841 F.2d 139, 140 (6th Cir. 1988); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n. 2 (8th Cir. 1983); *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995); *Victor Foods, Inc. v. Crossroads Economic Development of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992).

Here, the ADEA provides a specific statute of limitations–the 90-day filing requirement. As such, Wash. Rev. Code 4.96.020(4) does not apply. Although the Court has not found any Ninth Circuit cases in which this provision has been applied to the ADEA, Defendants provided two unpublished Washington district court opinions holding that Wash. Rev. Code 4.92.110[2] did not toll the 90-day statute of limitations set forth in Title VII. *See Kilwein v. Wash. State Univ.*, 2008 WL 4149949 (E.D. Wash. 2008); *Adams v. Washington*, 2008 WL 5119510 (W.D. Wash. 2008). These courts reasoned that state law may not alter or amend Title VII's provisions because Congress abrogated the State of Washington's sovereign immunity with respect to Title VII actions and provided a federal statute of limitations for a federal claim. *Id.*

Other courts have held that a specific state savings clause does not toll the

---

[2]No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the risk management division. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. Wash. Rev. Code § 4.92.110.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

90-day statute of limitations set forth in the ADEA. *See McDowell v. Tankinetics, Inc.*, 2012 WL 4049258 (W.D. Ark. 2012) (holding the Arkansas savings statute does not apply to an ADEA, which is subject to an express federal statute of limitations); *Ingmire v. Target Corp.*, 2012 WL 3113912 (N.D. Ga. 2012) (holding the Georgia renewal statute does not apply to ADEA claim when Congress has specifically stated a statute of limitations); *Collins v. McHugh*, 2012 WL 524422 (W.D. Ky. 2012) (holding the Kentucky savings statute cannot be applied to "save" a federal claim when a federal statute contains a specific limitations period); *Lee v. Potter*, 2009 WL 2057625 (S.D. Ohio 2009) (holding Ohio's saving statute is not applicable to ADEA claim where a contrary federal limitations period exists).

Here, the case law is clear. Where a specific statute of limitations is provided by Congress, a state savings clause, such as Wash. Rev. Code 4.96.020(4), does not toll the statute of limitations period. As Plaintiffs have not argued for equitable tolling of the statute of limitations, Plaintiffs' ADEA claim is barred.

The parties agree that the court should decline supplemental jurisdiction over Plaintiffs' state law claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 7, is **GRANTED**.

///
///
///
///
///
///
///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

2.   Plaintiffs' ADEA is **dismissed**, with prejudice. The remaining claims are remanded to Grant County Superior Court.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 23rd day of May, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\RHW\aCIVIL\2013\Kast\sj.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5